**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                            **CRIMINAL NO. 1:06cr13-KS-RHW-001**
                                                                      **(CIVIL NO. 1:08cv174-KS)**

**DAVID DUANE JOHNSON**

## ORDER

This cause is before the Court on Motion to Vacate Sentence under 22 U.S.C. 2255 [Doc. #54] filed by David Duane Johnson, Affidavit by John Weber [Doc. #56], and Motion to Dismiss 2255 [Doc. #59] filed by the United States and the Court after considering same finds that the Motion to Dismiss should be sustained and the Motion to Vacate should be dismissed for the hereinafter stated reasons.

## FACTUAL BACKGROUND

On April 19, 2007 petitioner David Duane Johnson ("Johnson") entered a plea of guilty to the offense of bank robbery.  The Court accepted his guilty plea and entered a judgment and, thereon, sentenced him to 210 months in the custody of the Bureau of Prisons.  Johnson was represented throughout this proceeding by Honorable John Weber of the Public Defender's Office. As a part of his representation of Johnson, Mr. Weber made a motion for a psychiatric evaluation and, following an extensive examination, Johnson was determined to be competent at the time the offense was committed and competent to stand trial.

Following the entry of the guilty plea and sentence, Johnson filed this Motion to Vacate under 28 U.S.C. § 2255.  Prior to his plea, Johnson executed a standard plea agreement which

1

included in paragraph fifteen a number of waivers, including his right to appeal and his right to contest, in any way, his sentence or to file a post conviction petition under § 2255. As part of the plea colloquy, this Court addressed Mr. Johnson personally and discussed with him the plea agreement and the waivers, and specifically questioned him on his desire to execute the waivers. A transcript of the plea colloquy is in the record. Johnson raises, herein, as his ground for his motion that Mr. Weber was incompetent in his representation. Mr. Weber responded to the allegations of the motion by the Affidavit [Doc. #56] and this Court takes judicial notice of the proceedings, which are included in the transcript that is of record.

## ANALYSIS

Mr. Johnson states that he has a Sixth Amendment right to counsel and cites the proper authorities. He next asserts that there were three specific instances in which his counsel was ineffective or inadequate.

(1)    In counsel's failure to investigate the movant's past mental history;

(2)    In failing to argue mitigating factors; and

(3)    Counsel's failure to advocate for a lesser sentence and a psychological treatment plan in accordance with the finding of the psychiatric evaluation.

Based on the transcripts of the proceedings and the affidavit of Mr. Weber, the first proposition is clearly incorrect. Mr. Weber requested and received an extensive psychological evaluation for his client, which throughly set forth his mental condition and it was presented to the Court, as well as other information, regarding petitioner's mental condition.

It is also clear from the record, that counsel argued to the Court and urged the psychiatric and psychological history and issues of the petitioner in mitigation. The Court received the report

and it is very thorough, and counsel passionately represented his client on this issue.

Further, this Court is well familiar with the standards of practice of Mr. Weber and he is a worthy advocate for his client.

Accordingly, this Court finds that the 2255 petition of Johnson regarding the ineffective assistance of counsel is not well taken and should be overruled.

## MOTION TO DISMISS

Even if the 2255 petition had merit, it is clear in the guilty plea colloquy that Johnson understood and addressed specifically his waivers.  One of the waivers was his right to contest the sentence and his right to appeal or to file a petition under § 2255. The law of this circuit is very clear.

> In order to be effective, a waiver of the right to appeal must be informed and voluntary.  *United States v. Molonson*, 972 F. 2d 566, 567 (5th Cir. 1992).  At the plea hearing, the United States attorney summarized the waiver provision, and Cuevas-Andrade's attorney informed the Court that Cuevas-Andrade had viewed the entire plea agreement and appeared to understand it. *United States v. Cuevas-Andrade*, 232 F. 3d 440 (5th Cir. 2000).

This was also the case with Mr. Johnson.

This Court went through the plea colloquy and Johnson understood it.  The Court properly conducted the guilty plea hearing and specifically asked the question:

> By the Court: Do you understand that by signing the plea agreement, that you're waiving or giving up your right to appeal as well as your right to collaterally attack all or any part of the plea agreement or any part of the sentence that you received?
>
> The Defendant: Yes, sir.

Additionally, the waivers were in the plea agreement which was signed by the defendant

3

and witnessed by his attorney.

The Court finds that the Motion to Dismiss should be **sustained.**

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion to Vacate Under 28

U.S.C. § 2255 [Doc. #54] be and the same is hereby **denied.**  Additionally, the Government's

Motion to Dismiss [Doc. #59] is hereby **sustained.**

SO ORDERED this, the 17th day of June 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

4