IN THE UNITED STATES DISTICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISON

DAVID DUANE JOHNSON                                                          PETITIONER

CIVIL NO. 1:16-CV-221-KS

VS.                                                                     and associated

CRIMINAL NO. 1:06-cr-13-KS-RHW

UNITED STATES OF AMERICA                                                   RESPONDENT

**ORDER**

THIS CAUSE IS BEFORE THE COURT on Motion [66] to Vacate Under 28 U.S.C. § 2255 filed by Petitioner herein.  Also being considered by this Court is the Motion to Dismiss the Motion to Vacate [69] filed by the Government alleging that this Court lacks jurisdiction to consider the Motion to Vacate.

**Factual Background**

In February of 2007 Petitioner, Johnson, plead guilty to a charge of bank robbery, and at his sentencing he was found to be a career offender under the provisions of U.S.S.G. § 4B1.1. The predicate offenses for his being sentenced as a career offender were:  1) robbery with use of force and  2) assault in the second degree.  The career offender enhancement substantially raised his guideline level and petitioner now questions whether the predicate offenses qualified under § 4B1.1 (a)(3). The basis for his claim is that the ruling of the U.S. Supreme Court in *Johnson v. United States* 135 S, Ct 2551 (2015) applies to the career offender enhancement retroactively. In

1

his response [71] to the Motion to Dismiss [69] Petitioner requests the Court to stay this case pending a ruling from the United States Supreme Court on the pending case of *Beckles vs. United States*, 15-8544.

The Court has considered the propriety of its jurisdiction and finds that this petition should be dismissed for lack of jurisdiction for the following reasons:

28 U.S.C. §2244 states as follows:

> (a) No Circuit or District Judge shall be required to entertain an application for a Writ of Habeas Corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or a court of the United States on a prior application for a Writ of Habeas Corpus, except as provided in §2255. . . .
>
> (3)(A) Before a second or successive application permitted by this section is filed in the District Court, the applicant shall move in the appropriate Court of Appeals for an Order authorizing the District Court to consider the application. . . .
>
> (4) A District Court shall dismiss any claim presented in a second or successive application that the Court of Appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Despite having waived his right to appeal the conviction and/or sentence in any post-conviction proceeding Petitioner filed a previous petition before the Fifth Circuit for permission to file this subsequent §2255 petition. On June 30, 2016, the Court of Appeals declined to authorize Johnson's successive §2255 petition.

This Court finds that pursuant to §2244 this Court is without jurisdiction and finds that this petition should be and is hereby DISMISSED.

SO ORDERED this the ___15th___ day of February, 2017.

   s/Keith Starrett
UNITED STATES DISTRICT JUDGE